IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    PDS Hotspot Corp., | : | Case No. 12-20032 CMB |
| | : | |
|         Debtor | : | Chapter 7 |
| | : | |
| Lisa M. Swope, Esquire, Trustee | : | |
| of the Bankruptcy Estate of | : | |
| PDS Hotspot Corp., | : | |
| | : | |
|         Movant | : | |
| | : | |
|    v. | : | |
| | : | |
| Internal Revenue Service, | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Revenue, | : | |
| Sharon Industrial Development | : | |
| Authority, Reed Oil Company, Inc. | : | |
| and Mercer County Tax Claim Bureau, | : | |
|         Respondents | : | |

**MOTION TO SELL REAL ESTATE FREE AND DIVESTED OF LIENS**

NOW COMES, Lisa M. Swope, Esquire, the Chapter 7 Trustee in the above case, by and through her firm, the law offices of Neugebauer & Swope, P.C., and does file the within Motion to Sell Real Estate Free And Divested of Liens, upon a cause whereof the following is a statement, to wit:

1. The Debtor commenced the within case by filing a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. §101, et seq., with the United States Bankruptcy Court for the Western District of Pennsylvania, which was converted to Chapter 7 on June 16, 2015.

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3. The United States Trustee, pursuant to §701 of the Code, appointed Lisa M. Swope, Esquire, as Interim Trustee and she has not been able to conduct the §341 Meeting of the Creditors as a representative of Debtor has not attended, despite the meeting being scheduled on two separate occasions.

4. Respondent, Internal Revenue Service, (the "IRS"), is a governmental entity with notice for purposes of this proceeding to Attention: Officer or Director, Internal Revenue Service, P. O. Box 7346, Philadelphia, PA 19101-7346, and to its counsel, David Lew, Esquire, U. S. Attorneys Office, 700 Grant Street, Suite 4000, Pittsburgh, PA 15219.

5. Respondent, Commonwealth of Pennsylvania, Department of Revenue, is a governmental entity with a mailing address of Attention: Officer or Director, Pennsylvania Department of Revenue, Department 280946, Harrisburg, PA 17128-0946.

6. Respondent, Sharon Industrial Development Authority, ("SIDA"), is a Pennsylvania non-profit economic development organization with notice, for purposes of this proceeding, to Attention: Officer or Director, Sharon Industrial Development Authority, 155 W. Connelly Boulevard, Sharon, PA 16146 and to P. Raymond Bartholomew, Esquire, Colonial Square Professional Center, 701 North Hermitage Road, Suite 12, Hermitage, PA 16148.

7. Respondent, Reed Oil Company, Inc., ("Reed Oil"), is a corporation with notice, for purposes of this proceeding, to Attention: Officer or Director, Reed Oil Company, 511 Montgomery Avenue, New Castle, PA 16102 and to Allen L. Palmer, Esquire, Suite 300, Huntington Bank Building, 14 North Mercer Street, New Castle, PA 16101. Reed Oil is listed for notice purposes only as Trustee believes the mortgage balance has been paid in full and/or satisfied.

8. Respondent, Mercer County Tax Claim Bureau, is an agency of Mercer County organized and created to collect delinquent real estate taxes levied and assessed by Mercer County, with a mailing address of 3 Mercer County Courthouse, Mercer, PA 16137.

9. The assets of this estate include ownership of two certain parcels of real property situate in the City of Sharon, County of Mercer and Commonwealth of Pennsylvania, commonly known as 505 East State Street, Sharon, PA 16146, (hereinafter "Premises"), more fully described in Instrument No. 2009-00003700 recorded in the Recorder of Deeds Office of Mercer County.

10. The Premises is subject to a Lease Agreement by and between Debtor and G&G Maharaj, Inc. and Mukesh Patel, dated June 1, 2011.

11. The Trustee had received an offer to purchase the aforesaid Premises for a gross sales price of $235,000.00 from, the tenant, G&G Maharaj, Inc. and a motion to sell free and clear of all liens and encumberances was filed, however the Debtor's principal objected and a hearing was held on December 8, 2015 at which time it was agreed upon that a real estate broker should market the property.

12. Don Sebastian and his real estate firm of Northwood Realty Services (the "Broker") were appointed pursuant to Court Order dated January 26, 2016.

13. Through the efforts of the Broker, the Trustee has received an offer to purchase the Premises for a gross sales price of $275,000.00 from Sunilkmar Patel. A copy of the Agreement for the Sale of the Real Estate is attached hereto and incorporated herein as Exhibit A.

14. Debtor valued the Premises at $466,800.00 on its petition and a market valuation prepared by Richard G. English and Associates, Inc., dated June 20, 2013 estimated the value to be $365,000.00; however, the Trustee elected to accept the offer of $275,000.00 after consultation with the Broker, the length of time the property has been marketed, and this offer intends to honor the existing lease, and as such Trustee believes it is a fair and reasonable offer and should pay claimants 100% of their claims.

15. Further pursuant to a Court Order dated October 31, 2016, the Trustee has been making payments to SIDA, the secured creditor, where rent is received.

16. The estimated liens and encumbrances against the Estate's interest in and to the said Premises, as of the commencement of this case, and as modified through the date hereof in the order of their priorities, are as follows, to wit:

   a. A first lien in favor of Sharon Industrial with a payoff amount of $46,158.45 as of October 3, 2017;

   b. Delinquent real estate taxes due and owing to the Mercer County Tax Claim Bureau as the result of taxes levied and assessed for the years 2009 through 2017 in the amount of $99,910.58 as of October 3, 2017;

   c. Reed Oil had a lien on the Premises; however, pursuant to Adversary No. 13-02166 CMB, Trustee believes and therefore avers this lien was satisfied and released.

17. The following are the estimated costs, expenses of sale and disbursements which will be made at time of closing:

   a. Delinquent real estate taxes due and owing to the Mercer County Tax Claim Bureau as the result of taxes levied and assessed for the years 2009 through 2017 in the amount of $99,910.58 as of October 3, 2017;

   b. Current real estate taxes pro-rated to the date of closing;

   c. The Herald – advertising in the approximate amount of $65.00;

   d. Mercer County Legal Journal – advertising in the approximate amount of $52.00;

   e. Realtor commission in the amount of $16,500.00;

   f. There are no attorney fees and expenses to be paid at closing.

   The balance of the funds realized from the anticipated sale shall be held by Trustee until further Order of Court, after notice and hearing.

18. The proposed buyer is Sunilkmar Patel, who has paid a $5,000.00 deposit which is being held by the Trustee.

19. The Premises has been posted for sale on the Bankruptcy Court's Electronic Access to Sales Information website.

20. The Trustee believes and therefore avers that the best interests of this estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Premises, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, and/or judicial liens of the Respondents hereto as set forth above, if any, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Premises.

21. To assure that the sale is a sale for the market value of the Premises, higher and better offers for said realty will be accepted at the time of hearing on the sale of said realty (said higher offers being made in increments of $1,000.00), pursuant to §363(b), and the sale to the maker of the highest and best offer should be approved, authorized and confirmed.

22. The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this estate, and that a higher and better price would not be obtained through continued marketing of the Premises.

23. The Premises will be sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, all of which shall be divested from the Premises and attach to the proceeds, in the order of their priority, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Premises would disclose.

24. The sale of the Premises shall be a sale of the Premises in "AS IS", "WHERE IS" condition, without representations of warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the Premises, and is purchasing the same solely on the basis of such

inspection, and not as the result of any representation of any kind whatsoever by the estate/debtors, or its/their agents, except as otherwise set forth herein.

25. The purchaser shall be required to deposit a non-refundable deposit of ten percent (10%) of the purchase price toward the purchase price at the time of the approval of the sale by this Court, with the balance to be paid at closing, which shall occur on or before 30 days from the date the Order of sale become final, TIME BEING OF THE ESSENCE, with all such payments to be via cash, certified check, cashiers check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel.

26. Possession shall be delivered at closing, which shall occur, within said time frame, at a mutually agreeable time at the offices of Neugebauer & Swope, P.C., 219 South Center Street, Ebensburg, Pennsylvania 15931, or such other location as may be agreed upon by the parties.

27. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Premises described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Premises.

28. The purchaser shall be deemed to have released any and all claims it may have against the Trustee/Estate, or any of them, or that it may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Premises so purchased.

29. Trustee believes and therefore avers that no personally identifiable information as defined in §101(A) of the Code is part of said sale.

30. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

31. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of right of way and/or lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

32. In the event of the failure of the purchaser to close within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, and resell the Premises, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this Motion and related Order.

33. Real estate taxes shall be pro-rated on a fiscal year basis, between the purchaser and estate.

34. Real estate transfer taxes, if any, shall be pro-rated between the parties equally.

35. The proceeds of sale of the real property shall be used as follows, to wit:

a. to the costs of sale, specifically including but not limited to publication (which includes reimbursement to Movant who has advanced these costs), printing, mailing and notice fees, Trustee's fees and Trustee's counsel fees in searching the title for the filing of the Motion, drafting and sale motion, representing the estate at the hearing and obtaining an order authorizing the sale, deed preparation and fees and closing of the same, (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after Motion duly filed seeking such approval and authorization for payment), brokerage fees as set forth in the retention motion and other such closing costs as may be properly incurred, including tax pro-rations, and other such items as provided for in the Motion or to effect said closing;

b. any real estate taxes for prior years as remain unpaid, as well as such amounts (if any) as may be due and owing upon statutory liens for water and/or sewage charges assessed by municipal authorities providing such services to said Premises; and

c. the remaining amounts shall be paid to claimants, if any, in the order of their priority, to the extent that the claim(s) are not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court.

WHEREFORE the Trustee does pray this Court to issue an Order authorizing, approving and confirming the sale of the aforesaid Premises upon the terms herein set forth, and further, she does authorize her attorney, Neugebauer & Swope, P.C., to file the instant Motion on her behalf.

    Respectfully submitted,

/s/ Lisa M. Swope, Esquire
Lisa M. Swope, Esquire
NEUGEBAUER & SWOPE, P.C.
219 S. Center Street
P.O. Box 270
Ebensburg, PA 15931
(814) 472-7151
Pa. I.D. #77003
lms@nsslawfirm.com
Attorney for Trustee