## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 12-20032-CMB |
| PDS HOTSPOT CORP. | ) Chapter 7 |
| Debtor. | ) |
| | ) Related to Doc. Nos. 381 & 389 |
| LISA M. SWOPE, ESQ., TRUSTEE OF THE BANKRUPTCY ESTATE OF PDS HOTSPOT CORP., | ) |
| Movant, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE, SHARON INDUSTRIAL DEVELOPMENT, AUTHORITY, REED OIL COMPANY, INC., MERCER COUNTY TAX CLAIM BUREAU, and JIYA, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The matter before the Court is the *Motion to Stay Pending Appeal* (the "Motion") (Doc. No. 381) filed *pro se* by Prasad Bandhu ("Bandhu"), purportedly on behalf of himself, PDS Hotspot Corp., Glassport Hotspot LLC and Bandhu Bros Inc. (collectively the "Parties"). In response to the Motion, Lisa M. Swope, Chapter 7 trustee (the "Trustee") of the Bankruptcy Estate of PDS Hotspot Corp. (the "Debtor") filed a *Motion to Strike, or in the Alternative,*

1

*Dismiss of the Motion to Stay Pending Appeal filed by the Trustee* (Doc. No. 389) ("Motion to

Strike").  Upon consideration of the Motion, the Motion to Strike, the response by Bandhu and

the arguments presented by both Bandhu and the Trustee on March 22, 2018, this Court finds,

for the reasons expressed herein and indicated on the record at the March 22, 2018 hearing, that

the Motion is denied.

<u>Background and Procedural History</u>

On December 6, 2017, upon consideration of the *Trustee's Motion to Sell Real Estate*

*Free and Divested of Liens to Sunilkmar Patel*, and after notice and a hearing, this Court entered

an *Order Confirming Sale of Real Estate Free and Divested of Liens* for the property known as

505 East State Street, Sharon, PA 16146 (the "Sale Order") (Doc. No. 325).  The Sale Order

specifically indicates that <u>*only*</u> the Debtor's assets are being sold:

> Buyer, Sunilkmar Patel specifically acknowledges that the offer is for the property
> commonly known as 505 East State Street, Sharon, PA 16146, shall also include the
> assets, including fixtures, equipment and personal property owned by *Debtor* located at
> 505 East State Street, Sharon, PA 16146, whether scheduled on Schedule B of Debtor's
> petition or unscheduled (the Premises) and that the Trustee or the bankruptcy estate
> makes no representations or warranties as to the nature, scope and condition of the
> Premises.[1]

On December 20, 2017, Bandhu, through counsel, L. Charles Fedel ("Fedel"), filed a

Motion for Reconsideration of the Sale Order ("Motion for Reconsideration") (Doc. No. 328),

alleging that "the 'other assets referenced in paragraph 6 of the Order confirming sale of the

Property include numerous items of equipment and inventory which are not the property of the

Debtor but rather are owned by [Bandhu]"[2].  Bandhu alleges that the Sale Order is "erroneous as

a matter of law as it purports to sell other property which was not referenced in the Motion to

Sell or the published notice respecting that motion and is further erroneous as a matter of law in

---

[1] *See* Sale Order, ¶6 (emphasis added).
[2] *See* Motion for Reconsideration, ¶6.

that it purports to sell assets which are not property of the Debtor but rather property of [Bandhu]." Bandhu requested that the Court vacate the Sale Order. However, Bandhu failed to attach a proposed order to the Motion for Reconsideration and received a corrective entry from this Court.[3] On December 27, 2017, Bandhu filed an amended motion to reconsider ("Second Motion for Reconsideration") (Doc. No. 331), but did not attach any substantiation whatsoever to the Second Motion for Reconsideration. On January 15, 2018, the Trustee filed a response to the Second Motion for Reconsideration (Doc. No. 335), specifically denying the allegations in the Second Motion for Reconsideration and averring that Bandhu has a course of conduct of filing motions or raising verbal objections that delay and impede the timely liquidation of the bankruptcy estate.[4]

On January 30, 2018, this Court conducted a hearing on the Second Motion for Reconsideration, where Fedel appeared on behalf of Bandhu. The Court asked Fedel to specifically identify what property belongs to Bandhu, considering that neither the Debtor's statement of affairs, nor the Debtor's Disclosure Statement indicate that the Debtor is holding or controlling any property for another person.[5] The Court also reminded Fedel that Bandhu signed the Statement of Financial Affairs and the Disclosure Statement. Fedel asked the Court for permission to compile a list of items that Bandhu owns, which the Court denied, as Bandhu had several opportunities to previously produce a list, including the day of the sale itself. The Court also stated that Bandhu has a history of filing dilatory motions and causing unnecessary delay in this bankruptcy proceeding. In ruling on the Second Motion for Reconsideration, the Court applied Federal Rule of Bankruptcy Procedure 9024. Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure and provides that "[o]n motion and just terms, the

---

[3] *See* Doc. No. 329.
[4] *See* Doc. No. 335, ¶12.
[5] *See* Doc. No. 6, p. 22; *see also* Doc. No. 94.

court may relieve a party or its legal representative from a final judgment order, or proceeding

for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[6]

Fedel was unable to provide the Court with any reasoning as to why the Second Motion for

Reconsideration should be granted and on January 30, 2018, this Court entered an order denying

the Second Motion for Reconsideration (Doc. No. 339).

On February 14, 2018, Bandhu filed a *Motion to Deem Sale Cancelled* (Doc. No. 341),

alleging that more than 60 days had passed since the Sale Order was entered, but the Trustee had

not yet closed on the property.[7]  Also, on February 14, 2018, Bandhu filed a *Motion to Deem*

*Invalid Listing Contract & Notify Trustee that Tenant is Taking Advantage of U.S. Trustee* (Doc.

No. 342).  After notice and a hearing, on February 27, 2018, this Court entered (1) an order

denying the Motion to Deem Sale Cancelled (Doc. No. 364) and (2) an order denying the Motion

to Deem Invalid Listing Contract (Doc. No. 366).

Also, on February 14, 2018 (15 days after the order denying the Second Motion to

Reconsider was entered), Fedel filed a Notice of Appeal and Statement of Election of the Sale

Order (Doc. No. 347) on behalf of the Debtor, PDS Hotspot.[8]  After receiving a corrective entry

---

[6] *See* Fed. R.Bankr.P. 9024.
[7] *See* Doc. No. 341, ¶6.
[8] Fedel is not counsel of record for the Debtor.  Jeffrey Morris entered his appearance on behalf of the Debtor, not Fedel.  In fact, pursuant to W.PA.LBR 9010-2(a), Fedel entered his appearance on behalf of Bandhu when he filed the Motion for Reconsideration at Doc. No. 328.

4

from the Court, on February 27, 2018, Fedel, on behalf of the Debtor, filed a revised notice of

appeal of the Sale Order (Doc. No. 361), to which the Court entered another corrective entry

(Doc. No. 370).   On March 4, 2018, Fedel, this time on behalf of the Debtor, as well as Bandhu,

Glassport Hotspot, LLC & Bandhu Bros Inc. filed a revised notice of appeal of the Sale Order

(the "Appeal") (Doc. No. 375).   On March 7, 2018 (twenty-one days after Fedel filed the initial

notice of appeal), Bandhu, purportedly on behalf of himself, the Debtor, Glassport Hotspot LLC

and Bandhu Bros Inc., filed the Motion, seeking a stay pending the Appeal pursuant to Rule

8007(a)(1) (Doc. No. 381).   On March 14, 2018, the Trustee filed *Trustee's Motion to Quash

Election to Appeal and Notice of Appeal* (Doc. No. 390), as well as a *Motion to Strike, or in the

Alternative, Dismiss of the Motion to Stay Pending Appeal filed by the Trustee* (Doc. No. 389).

In the Motion to Strike, the Trustee alleges that the Debtor and Bandhu Bros Inc. are

corporations and Glassport Hotspot is a limited liability company.   As such, the Trustee argues

that none of them can be represented on a *pro se* basis.[9]  Also, the Trustee correctly points out

that Jeffrey Morris entered his appearance on behalf of the Debtor.   Bandhu is represented by

Fedel, however, Bandhu filed the Motion *pro se*.   The Trustee alleges that the Motion is again a

delay to prohibit the sale going forward and it is improperly filed as a *pro se* pleading.   In

addition, the Trustee indicates that she conducted a closing on the sale of the property on March

13, 2018 and the Trustee is holding $163,654.54 in her trustee account.[10]  The Trustee avers that,

since the sale has occurred, the Motion is moot.[11]  On March 21, 2018, Bandhu filed a Response

---

[9] *See In re Miners Fuel Co.*, 139 Fed. Appx. 409 (3d Cir. 2005); *Dougherty v. Snyder*, 469 F.App'x 71 (3d Cir. 2012).

[10] *See* Motion to Strike, ¶19.

[11] *Id.* at ¶21.

5

to the Motion to Strike (Doc. No. 417) (the "Response"), where Bandhu admits that Fedel "had previously filed a motion on behalf of Bandhu as well as the Notice of Appeal."[12]

Analysis

Motion is Moot

Because the closing occurred *before* any stay pending appeal was obtained (the Court notes that movants did not file an expedited motion for stay pending appeal), the Motion is moot.[13] Notwithstanding the fact that the Motion is moot, the Motion is alternatively denied for the following reasons:

Standard for Motion for Stay Pending Appeal

Pursuant to Fed.R.Bankr.P. 8007, a motion for stay of an order pending appeal is ordinarily presented to the Bankruptcy Court in the first instance. The Third Circuit has provided guidance as to the test to be applied by courts considering motions for stay pending appeal.[14] The four factors to be considered and balanced are as follows: (1) whether movant has made a strong showing of likelihood of success on the merits; (2) whether movant will suffer irreparable injury if a stay is not granted; (3) whether a stay will substantially injure the other parties to the proceeding; (4) whether a stay is in the public interest.[15] The most significant among these factors are the movant's ability to demonstrate a likelihood of success (arguably the most important consideration) and irreparable harm in the event a stay is not granted.[16] With respect to the first factor, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability of winning.'"[17] As to the second factor, the movant must show

---

[12] *See* Response, ¶15
[13] *See Free v. Walsh*, Case No. *2:15-cv-00857, 2015* WL 6393048, at 3 (W.D. Pa. Oct. 22, 2015).
[14] *See In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015).
[15] *Id.* at 568.
[16] *Id.*
[17] *Id.* at 568-69 (*quoting Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011)(en banc)).

that irreparable injury is more than a mere possibility, rather it must be likely.[18]  When the first two factors are satisfied, the next step is to assess the harm to the party or parties opposing the stay and weigh the public interest.[19]

Likelihood to Succeed on the Merits

The Parties submit that there is a substantial likelihood of success on appeal, as the Sale Order and the order denying the Second Motion for Reconsideration are allegedly premised on errors of law and errors of fact.  However, the Parties do not specifically identify what these errors of law or fact *are*.  While Bandhu has been given numerous opportunities at several Court hearings, he has never articulated what property was being sold by the Trustee that allegedly belongs to him or to the other entities.  Moreover, despite repeated requests by this Court, Bandhu has never provided *proof* that the Trustee sold assets that belonged to him or any of the other parties.  Therefore, the Parties have not established that they will succeed on the merits, thus this factor weighs against granting the Motion.

Irreparable Harm to Movants Absent a Stay

With respect to the second factor, the "Interested Party"[20] argues that he will suffer "irrevocable harm as he may well be compelled to lose property and assets that do not belong to the Debtor "and which he financed over for [sic] $350,000 to Debtor."[21]  Bandhu also argues that "the other assets referenced in paragraph 6 of the Order confirming the sale of the Property include numerous items of equipment and inventory which are not the property of the Debtor but rather are owned by Interested Party."[22]  Again, despite repeated requests from this Court,

---

[18] *Id.*
[19] *Id.*
[20] Within the Motion, Bandhu refers to himself as "Interested Party."  *See* Motion, ¶4.
[21] *See* Motion, ¶9.
[22] *Id.* at ¶9.

neither Bandhu, nor the other movants have provided proof of ownership of these assets. Accordingly, the Parties have not demonstrated the likelihood of irreparable harm to them in the event a stay is denied.

Therefore, as the Parties have not made the requisite showing on either of these first two factors, an inquiry into the remaining two factors is unnecessary. However, this Court will address these factors briefly.

Harm to the Other Parties in the Event of a Stay

As the Court is considering the Motion despite the fact that it is moot, a stay would prolong the case unnecessarily, especially since it has taken a long time to come to fruition. The buyer, Sunilkmar Patel, has waited long enough to close on the sale and it would be unfair to prolong the process further. In addition, a stay would again have a dilatory effect on the administration of the estate. Accordingly, the harm to other parties weighs in favor of not imposing a stay.

Public Interest

Bandhu argues that no harm to the public interest will be implicated by a grant of the stay. Notably, however, he does not indicate how or why there will be no harm to the public interest. This factor weighs against imposing a stay. The Parties have the burden of demonstrating why a stay is warranted, and nothing persuasive has been shown as to how the public interest would benefit from a stay of this case.

<u>Conclusion</u>

Based upon the foregoing, the Court finds that the Parties did not meet their burden to impose a stay pending appeal.  The Motion is hereby **DENIED AS MOOT**.  Furthermore, the Motion is alternatively denied under the factors delineated in *In re Revel*.  Since the Court denied the Motion as moot, the Motion to Strike is moot.  An Order will be entered consistent with this Memorandum Opinion.

Dated: March 22, 2018

Carlota M. Böhm
United States Bankruptcy Judge

**FILED**

MAR 2 2 2018

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

9