IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No.  12-20032 CMB |
| PDS HOTSPOT CORP., | ) |
|  | ) |
| Debtor, | ) Chapter 7 |
|  | ) |
| PRASAD BANDHU (& Companies) | ) Document No. |
|  | ) |
| Movant, | ) |
|  | ) Related to:  Docket Nos. 445, 448, 451 and 455 |
| vs. | ) |
|  | ) |
| MICHAEL J. HUDOCK, III, ESQUIRE, | ) Hearing Date & Time: |
|  | ) October 2, 2018 at 1:30 PM |
| Respondent. | ) |

**RESPONDENT, MICHAEL J. HUDOCK, III, ESQUIRE'S RESPONSE TO**

**MOVANT'S OBJECTION TO TRUSTEE'S FINAL REPORT & OBJECTION OF APPLICATIONS FOR COMPENSATIONS (DOCKET NOS. 451 & 455)**

AND NOW, comes Michael J. Hudock, III, Esquire, Respondent, and files the within Response to Movant's Objection to Trustee's Final Report & Objections to Applications for Compensations filed at Docket No. 451 and Movant's Amended Objection to Trustee's Final Report & Objections to Applications for Compensations filed at Docket No. 455, (collectively the "Movant's Objection"):

**PARTIES**

1. Denied.  To the best of Respondent's knowledge, information and belief, Movant's last known address was 2972 Trafford Road, Murrysvile, PA 15668.  Respondent is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and accordingly, for purposes of responding thereto, the allegation is denied.

2. Admitted.  It is admitted that Michael J. Hudock, III, Esquire ("Attorney Hudock") was the court-appointed attorney for the Debtor's Chapter 11 bankruptcy proceeding and continued as such until the Debtor's case was converted For Cause to a Chapter 7 proceeding on June

16, 2015.  It is further admitted that Michael J. Hudock, III, Esquire, at all time relevant hereto, had and has a business mailing address of 12 Huston Road, Oakmont, PA 15139, as listed in the Debtor's Petition and accompanying schedules as on file with this Court.

### MOVANT'S "RESPONSE AND HEARING REQUESTED"

1.    Denied. The allegations of Paragraph 1 are denied in their entirety.  By way of further and more complete answer, Attorney Hudock avers as follows:

(a)    The Debtor improperly and disingenuously seeks to extend an agreement to compromise the 01/02/2013 Court Approved (Docket No. 79) Interim Fee Application for period 01/05/2012 – 11/30/2012 in the amount of $19,254.00, and the 04/03/2013 Court Approved (Docket No. 93) Interim Fee Application for period 12/01/2012 – 03/07/2013, in the amount of $7,440.50, for a combined total of $26,694.50 ("Approved Interim Fees"), to the 08/18/2015 Final Approved Fee in the amount of $29,391.47 for the period of 03/8/2013 – 06/16/2015 (Docket No. 239), (the "Approved Final Fee").

(b)    Attorney Hudock generously agreed to compromise the $22,740.50 outstanding balance* of the Approved Interim Fees for the sum of $6,500.00 (as Debtor's imposed condition to accepting and finalizing the settlement with Reed Oil, et. al. in Adversary Case No. 13-ap-02116) and thereby move the Chapter 11 bankruptcy case forward.  The compromise represented a $16,240.50 (71.42%) discount.

---

\*    The outstanding balance as of the compromise was $22,740.50, representing the Approved Interim Fees of $26,694.50 less (minus) the $3,954.00 initial retainer paid by Debtor prior to the filing of the Chapter 11 Petition.

(c) The $6,500.00 compromise and payment were duly accounted for in the Amended Chapter 11 Plan filed with the Court as well as in Attorney Hudock's Final Fee Application (Docket #231).

(d) It is the Approved Final Fee in the amount of $29,391.47, which is the subject of the proposed distribution by the United States Trustee (Docket Nos. 445 and 448).

(e) The Approved Final Fee pertains to a bill for all services rendered after the last date of service rendered under the Approved Interim Fees; namely 03/08/2013, until the termination of Attorney Hudock's involvement in the case, 06/16/2015, the date Debtor's case was converted For Cause to a Chapter 7 proceeding, a period of twenty-seven (27) months.

(f) Attorney Hudock never agreed to work for free from 03/08/2013 through 06/16/2015, when the case was converted to Chapter 7 For Cause (Docket No. 217).

(g) The $6,500.00 compromise only pertained to the outstanding balance of the Approved Interim Fees and did not extend to any other fees rendered or costs incurred that had not yet been submitted to the Court for approval.

(h) All of the time and charges and all expenses which are the subject of the Approved Final Fee pertain to services rendered and costs and expenses incurred for the period of 03/8/2013 through 06/16/2015.

(i) In essence the Debtor contends that Attorney Hudock agreed to work for free from and after 03/08/2013. No such agreement ever existed.

(j) The Approved Final Fee was approved by this Court on August 18, 2015, three years and nearly one month prior to the date of the Movant's Objection, initially filed by Debtor

in this matter on September 13, 2018 at 4:19 PM (the last date for filing) and subsequently amended on September 17, 2018.

2.   Denied. The allegations of Paragraph 2 are denied. By way of further and more complete answer, Attorney Hudock avers that as of the date of the filing of the within Reply to Movant's Objection (Docket 451 and 455) he is not engaging in any ongoing settlement or compromise discussions with Debtor/Movant and Attorney Hudock hast not agreed to or accepted any settlement or compromise proposed by Debtor/Movant.

3.   By way of further and more complete response, Attorney Hudock avers that:

   (a)   The Movant's Objection is unfounded, vexatious and deleterious.

   (b)   Attorney Hudock has incurred approximately three hours of his time and expenses in drafting this response and preparing for the hearing in this matter.

   WHEREFORE, Attorney Hudock respectfully requests that this Court: (1) deny Movant's Objection; (2) amend the Approved Final Fee to include an additional $1,000.00 in fees and costs for the burden imposed on Attorney Hudock in having to respond to and defend against the Debtor's frivolous and vexatious filing; and (3) award any and all other remedies that this Court deems equitable and appropriate under the circumstances.

Dated: September 28, 2018

/s/ Michael J. Hudock, III, Esquire
Michael J. Hudock, III, Esquire
PA ID # 49996
12 Huston Road
Oakmont, PA 15139
(412) 828 – 0459
michaelhudock@comcast.net